```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

```
ROBERT P. MAHER and MARILYN     )
V. MAHER, individuals,          )    No. 12 C 7169
                                )
          Plaintiffs,           )
                                )    Judge Marvin E. Aspen
     v.                         )
                                )
THE ROWEN GROUP. INC., d/b/a    )    Magistrate Judge
PLAYROOM ENTERTAINMENT, a       )    Arlander Keys
California corporation, and     )
DANIEL M.J. ROWEN, an individual, )
                                )
          Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

On September 7, 2012, Robert Maher and Marilyn Maher, husband and wife, filed this lawsuit against Daniel Rowen and the Rowen Group, a California corporation run by Mr. Rowen that does business as Playroom Entertainment. Playroom makes and sells niche toys and games, both on its own and through distributors, including a company called ACD, which is run by the Mahers' son, Robert Maher, Jr. In their complaint, the Mahers allege that Mr. Rowen and Playroom violated various provisions of a loan agreement the parties executed on June 30, 2011. The defendants deny that they breached the agreement.

The case is currently before the Court on the Mahers' motion for entry of judgment, filed September 3, 2013, and on the Mahers' motion for sanctions, filed September 4, 2013. Both motions seek to punish the defendants for Mr. Rowen's conduct in

connection with his deposition. After the defendants designated Mr. Rowen as Playroom's 30(b)(6) witness, the plaintiffs served a notice of deposition and Mr. Rowen was deposed on June 21, 2013. But he failed to produce documents requested of him, and he was not as prepared as he should have been to answer questions as a 30(b)(6) witness. Accordingly, in response to a motion from the plaintiffs, the Court issued an order compelling Mr. Rowen to appear again and to produce the requested documents. In its order, issued August 19, 2013, the Court required Mr. Rowen to sit for deposition by August 29, 2013. That did not happen – for a variety of reasons. And the Mahers filed their motions seeking sanctions, fees and costs.

## Discussion

A. The Mahers' Motion for Sanctions

The Court turns first to the Mahers' motion for sanctions pursuant to Rule 37(b)(2). Federal Rule of Civil Procedure 37(b)(2)(A) grants to district courts the power to impose appropriate sanctions for violations of discovery orders. Indeed, district courts have "wide latitude in fashioning appropriate sanctions." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999). An appropriate sanction is one that is "reasonable under the circumstances." *Id.*, citing *Williams v. Chicago Board of Education*, 155 F.3d 853, 857 (7th Cir. 1998).

The Mahers have moved for sanctions against the Rowen Group

2

and Mr. Rowen based upon Mr. Rowen's performance at his initial deposition session, and his failure to appear for a second deposition session and to produce documents, as ordered by the Court.  As a sanction for this behavior, the Mahers ask the Court to strike the defendants' answer to the complaint, strike the defendants' affirmative defenses and the remaining counts of his counterclaim and preclude the defendants from offering any evidence in support of his claims or in opposition to their claims.

At an evidentiary hearing held October 11, 2013 in connection with an emergency motion filed by the Mahers, the Court heard testimony and arguments concerning what Mr. Rowen had and had not produced in the way of documents.  At that time, the Court granted the Mahers leave to seek Playroom's bank records directly from its banks.  And it ordered Mr. Rowen to sit for another deposition session (of no longer than 2 hours) by December 17th.  Given this, the requested relief is extremely harsh.  It is especially harsh because the Mahers have also asked for money damages to compensate them for any wasted time and energy caused by Mr. Rowen's deposition-related behavior (that motion is addressed below).  The requested relief is also particularly harsh because, at the end of the day, the Mahers will have deposed Mr. Rowen and asked him all of the questions they want to ask, and they will have received from Mr. Rowen all

of the documents he has – as well as the bank records, which they will receive via subpoena directly from the financial institutions with which Playroom does business.

Additionally, although the Court does not condone the failure to appear for deposition, this is not a case where a party is simply thumbing its nose at a court order. While the Mahers were trying to nail down Mr. Rowen for a deposition, counsel for the defendants filed a motion to withdraw from the case before Judge Aspen, who twice continued it, most recently until January 9, 2014. Counsel's motion – and whatever circumstances led to the filing of the motion – does not excuse Mr. Rowen's discovery deficiencies. But it does explain why things might be taking longer than they otherwise should.

At the October 11 hearing, the Mahers made much of handwritten notes Mr. Rowen claimed he took to document various conversations and transactions. Mr. Rowen testified at his deposition that he took copious notes whenever he spoke with Mr. Maher, as well as various licensors and debtors. Yet, when asked to produce those notes, he produced just a few pages. This appears to be one basis for the Mahers' sanctions motion. But, at the October 11 hearing, Mr. Rowen testified that he had produced all of the notes he had, and that he could not find any of the other notes he referenced. Mr. Rowen testified that he has produced everything he has in response to plaintiffs'

4

discovery requests; he testified that he provided some documents at his first deposition session and provided some additional documents at his second deposition session; he testified that, at this point, he has produced everything he has. Even if ordered to do so by the Court, he cannot produce what he does not have. And there is no suggestion that he may have destroyed responsive documents, intentionally or otherwise.

When it granted the plaintiffs' motion to compel Mr. Rowen's attendance at another deposition session, the Court indicated that the defendants would be on the hook for the attorneys' fees and costs incurred by the Mahers in bringing the motion to compel and in re-deposing Mr. Rowen. Once that re-deposition occurs – which will, by Court order, be by December 17th – the Court will then be able to determine the exact amount of the award. Until then, any award would seem to be premature. The Court is not persuaded that further sanctions are warranted at this time.

B.  <u>The Mahers' Motion for Entry of Judgment</u>

As explained, the Court previously indicated that the defendants would have to cover the fees and costs associated with the additional 30(b)(6) deposition session that was, in the Court's view, necessitated by Mr. Rowen's failure to prepare the first time around. The Mahers have now filed a motion asking the Court to enter judgment in their favor in the amount of $19,063.70. According to the plaintiffs, this is the "total

5

amount of attorneys' fees, costs and expenses incurred" by plaintiffs in preparing for and taking Mr. Rowen's Rule 30(b)(6) deposition, and in drafting, filing and presenting the motion for judgment. Although the Court agrees that it is appropriate for the defendants to bear these costs, the resolution of this issue does not result in the entry of any judgment. The motion is really more of a sanctions motion, or a motion for fees and costs.

Ultimately, the Mahers will get another crack at deposing Mr. Rowen, which means the time spent preparing for the deposition was not entirely wasted. Additionally, he did, in the end produce what documents he had. The Court agrees that the defendants should be required to compensate the Mahers to some extent for their efforts to complete the deposition and obtain the relevant documents. Having said that, however, the Court finds that the current motion is premature. At the October 11 hearing, the Court set a deadline of December 17th for Mr. Rowen's re-deposition. Until that deposition proceeds, it would seem that awarding fees and costs now will only require the Court to revisit the issue again later. Rather than expend judicial resources in this piecemeal fashion, the Court is inclined to wait until the re-deposition proceeds and deal with the sanctions at that time.

Conclusion

For the reasons explained more fully above, the Court denies the plaintiffs' motion for sanctions [#153], and denies the plaintiffs' motion for entry of judgment [#151].  At some point, the Court will award fees and costs incurred as a result of Mr. Rowen's conduct in connection with his deposition.  But for now the issue is premature.


Dated: November 12, 2013

          ENTER:

          _____
          ARLANDER KEYS
          United States Magistrate Judge