IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT P. MAHER and MARILYN V. MAHER, individuals, | ) ) ) Case No. 12-cv-07169 |
| Plaintiffs, | ) ) |
| v. | ) Honorable Marvin E. Aspen ) |
| THE ROWEN GROUP, INC., d/b/a PLAYROOM ENTERTAINMENT, a California corporation; and DANIEL M. J. ROWEN, an individual, | ) Magistrate Judge Geraldine Soat Brown ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR ENTRY OF JUDGMENT ON COURT'S ORDER DATED MAY 12, 2014 OR, IN THE ALTERNATIVE, FOR ENTRY OF AN ORDER HOLDING ROWEN AND PLAYROOM IN CONTEMPT OF COURT, FOR ENTRY OF AN AWARD OF ATTORNEYS' FEES FOR THE NECESSITY OF BRINGING THIS MOTION, AND PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO MODIFY SCHEDULE FOR COMPLIANCE WITH ORDER ENTERED ON MAY 21, 2014

Plaintiffs, Robert P. Maher and Marilyn V. Maher, by their attorneys, Leonard S. Shifflett and Christopher J. Zdarsky, request that this Court enter an order and a judgment in their favor and against The Rowen Group, Inc. d/b/a Playroom Entertainment, in the amount of $16,499.60 being the balance due and owing on the sanctions award granted by the Court in its Orders dated May 12, 2014 and May 21, 2014 [Doc. ## 215 and 233], or, in the alternative, enter an order holding Daniel M.J. Rowen, as President and CEO of The Rowen Group, Inc. d/b/a Playroom Entertainment ("Playroom") and Playroom in contempt of court for the failure of Playroom to pay the sanctions award in full on or before June 20, 2014, and granting them ten days to purge themselves from contempt by paying the balance of the sanctions award, *i.e.*, $16.499.60 to the Plaintiffs in full. This Court should also award to Plaintiffs their attorneys' fees and costs incurred in the preparation and presentation of this pleading. This pleading shall also serve as Plaintiffs' Response to Defendants' Motion to Modify Schedule for Compliance with Order

Entered on May 21, 2014 [Doc. # 253] ["Motion to Modify"]. In support of the requested relief, Plaintiffs state as follows:

## INTRODUCTION AND BACKGROUND[1]

In order for this Court to properly assess this Motion for Entry of Order and Judgment and Defendants' Motion to Modify, this Court, unfortunately, must review the underlying facts that served as a basis for former Magistrate Judge Arlander Keys' grant of Plaintiffs' Motions to Compel and the award of sanctions.

Throughout the pendency of this case, Defendants have consistently failed to timely comply with Court Orders and to timely respond to discovery requests. These failures led to the filing of numerous motions and the entry of numerous orders. The following chronology provides a brief history of the Defendants' failures and contumacious actions in this litigation.

### Plaintiffs' First Motion to Compel

1. On December 26, 2012, Plaintiffs issued to Defendants a Request for Production of Documents and their First Set of Written Interrogatories.

2. On January 31, 2013, counsel for Plaintiffs, Leonard Shifflett, called counsel for Defendants, Brian Kaplan, regarding the outstanding discovery requests which had not yet been answered.

3. During that telephone conversation, Mr. Kaplan promised Mr. Shifflett that answers and responses to the outstanding discovery would be provided by February 6, 2013.

4. Plaintiffs did not receive the promised answers and responses to the outstanding discovery by February 6, 2013.

---

[1] Most of the letters and e-mails mentioned herein are on file at Doc. # 168, Ex. A.

5. Consequently, Plaintiffs were required to file a Motion to Compel Compliance with Discovery Requests [Doc. # 56], which was noticed to be heard before Magistrate Judge Keys on February 20, 2013.

6. The day before the hearing on Plaintiffs' motion, February 19, 2013, the Defendants answered Plaintiffs' First Set of Written Interrogatories, responded to Plaintiffs' Request for Production of Documents, and produced 488 pages of documents.

7. At the hearing on Plaintiffs' motion on February 20, 2013, counsel for Defendants did not appear and the motion was entered and continued to March 6, 2013 to determine whether the Defendants' answers and responses were complete [Doc # 61].

8. On March 4, 2013, Defendants filed a motion for extension of time to complete discovery. [Doc. # 66]. At the hearing on Defendants' motion, Plaintiffs reported that Defendants' February 19, 2013 was incomplete. The motion was entered and continued to March 20, 2013 and the Defendants were given until March 14, 2013 to supplement their previously served discovery responses. [Doc. # 68].

9. On March 14, 2013, instead of properly supplementing their previously inadequate discovery responses as ordered by Judge Keys, Defendants made a "data dump" of almost 3,000 pages of documents. A review of those 3,000 pages resulted in a determination that most of the documents were irrelevant.

10. Because of Defendants' failure to comply with the Court's Order to properly supplement, on March 18, 2013, Plaintiffs filed a Supplement to Plaintiffs' Motion to Compel Disclosure or Discovery to alert the Court to the Defendants' failure to comply with the requirements of the Federal Rules of Civil Procedure. [Doc. # 71].

11. Plaintiffs' Motion to Compel Compliance With Discovery Requests [Doc. # 56] was granted by Magistrate Judge Keys on March 20, 2013. [Doc. # 76]. Specifically, the Court

ordered Defendants to give complete answers to discovery requests consistent with the discussion held in open Court, to specify which documents were responsive to which requests (*i.e.*, cure the "data dump"), and to comply with the Court's order by April 3, 2013. [Doc. # 76]. The Court ordered that the Plaintiffs' motion for costs would be held in abeyance and would be ruled upon at a later date. [Doc. # 76].

12. On April 3, 2013, the Defendants served supplemental answers to Plaintiffs' First Set of Written Interrogatories and responses to Plaintiffs' Request for Production of Documents and provided additional documents.

### Depositions of Rowen and Playroom's Rule 30(b)(6) Designee

13. On April 29, 2013, Plaintiffs served upon Defendants a Notice of Deposition of Rowen and Playroom's Rule 30(b)(6) Designee for May 9, 2013. Counsel for Plaintiffs sent correspondence to counsel for Defendants seeking confirmation that he would be producing Rowen and Playroom's Rule 30(b)(6) Designee pursuant to the Notice of Deposition. The depositions did not go forward because Defendants claimed that Rowen was unavailable on May 9, 2013.

14. Despite repeated requests for dates when Rowen would be available for his deposition, Defendants did not respond. Consequently, Plaintiffs served upon Defendants a Re-Notice of Deposition of Rowen and Playroom's Rule 30(b)(6) Designee for May 21, 2013. The depositions did not go forward because Defendants claimed that Rowen was unavailable on May 21, 2013 without giving any alternative dates when Rowen would be available.

15. Despite numerous requests for dates as to when Rowen would be available for his deposition, none were offered by Defendants. On June 13, 2013, Plaintiffs served upon Defendants a further Re-Notice of Deposition of Rowen and Playroom's Rule 30(b)(6) Designee for June 21, 2013, which was this Court's oral discovery cut-off date.

16. Rowen appeared for his deposition and as Playroom's Rule 30(b)(6) Designee. However, Rowen was woefully unprepared for his deposition as Playroom's Rule 30(b)(6) Designee and did not bring any of the documents set forth in the rider attached to Playroom's Rule 30(b)(6) deposition notice.

### Plaintiffs' Second Motion to Compel

17. Because of Rowen's failure to prepare for his testimony as Playroom's Rule 30(b)(6) representative and his incomplete answers at his June 21, 2013 deposition, on June 23, 2013, Plaintiffs filed their second Motion to Compel Discovery [Doc. # 122] requesting an order compelling Rowen, as Playroom's Rule 30(b)(6) Designee, to appear for further questioning.

18. On July 29, 2013, the Court granted Plaintiffs' Motion to Compel Discovery [Doc. #122], awarded the Plaintiffs their attorneys' fees and costs incurred in bringing the motion and the costs incurred by Plaintiffs in deposing Rowen and the costs that would be incurred in the re-deposition of Rowen. The Court set a deadline for the re-deposition of Rowen of August 29, 2013. [Doc. # 124].

19. On July 15, 2013, counsel for Plaintiffs and Defendants spoke in Court and afterwards via telephone conference regarding Plaintiffs' request for Rowen to sit for his continued deposition as Playroom's Rule 30(b)(6) Designee.

20. Having not received dates regarding Rowen's availability to sit for his re-deposition, Plaintiffs sent correspondence to Defendants on July 22, 2013 making a second request for dates to have Rowen sit for his continued deposition as Playroom's Rule 30(b)(6) Designee.

21. Despite attempts by Plaintiffs to schedule Rowen's re-deposition in early August 2013, his re-deposition was not completed by the Court's deadline of August 29, 2013.

22. On August 13, 2013, the Defendants filed a Motion to Extend Fact Discovery Cut-Off [Doc. # 129] in order to extend the Court's deadline for Rowen's re-deposition.

**Plaintiffs' Third Motion to Compel**

23. On August 15, 2013, the Plaintiffs were required to file a Motion to Compel Attendance at Deposition [Doc. # 132], requesting that the Court set a date certain for the deposition of Rowen as Playroom's Rule 30(b)(6) Designee.

24. On August 19, 2013, the Court denied Defendants' motion to extend the fact discovery cut-off, granted Plaintiffs' motion to compel, ordered that the documents described in the rider attached to the Notice of Deposition for Playroom's Rule 30(b)(6) Designee must be delivered by August 23, 2013, and Rowen must make himself for deposition on or before August 29, 2013. [Doc. ## 134-5].

**Kaplan's Motion to Withdraw as Counsel for Defendants**

25. In August, Plaintiffs offered Rowen more than seven days in August for the continued deposition, all of which dates were prior to August 29, 2013, the Court imposed cut-off. Among the dates offered to Rowen were days around the dates Rowen was scheduled to fly into and out of Chicago on his way to and from a convention in Indianapolis, Indiana. Rowen refused all of those dates and would not set a date for his continued deposition in August, as he stated he was "not available."

26. Two days after the August 19, 2013 court hearing, on August 21, 2013, Mr. Kaplan filed motions to withdraw as counsel for Defendants. [Doc. ## 138, 140].

27. On August 29, 2013, the deadline for Rowen to make himself available for re-deposition, Rowen, who previously was not available for his continued deposition on August 29, 2013 because he said he had to be in California state court on the Palmer litigation against Defendants, personally appeared in Court at the hearing on Kaplan's motion to withdraw as

counsel. At that hearing, Rowen stated that we wanted to work with his attorney, Mr. Kaplan. He also said he was prepared to see that Mr. Kaplan got paid fees due him. At Rowen's request, Kaplan's motion was entered and continued to October 10, 2013 by the Court in order to afford Rowen additional time to produce documents and make payment arrangements with Kaplan. [Doc. # 149].

28. On February 6, 2014, Mr. Kaplan's motion to withdraw as counsel for Defendants was granted. [Doc. # 184]. Rowen had not made any payment to Kaplan for attorneys fees.

### **Plaintiffs' Motion for Partial Summary Judgment**

29. Plaintiffs filed a Motion for Partial Summary Judgment and supporting materials on February 4, 2014. [Doc. ## 179-181].

30. On February 6, 2014, the Court ordered Defendants to respond to Plaintiffs' Motion for Partial Summary Judgment by March 10, 2014. [Doc. # 184].

31. At the eleventh hour on March 7, 2014, Rowen (*pro se*) filed a Motion for Additional Time for Defendants to Retain Counsel and to Respond to Plaintiffs' and Counter-Defendants' Motion for Partial Summary Judgment. [Doc. # 187].

32. The Court granted Rowen's motion and allowed an extension of time to retain counsel and for counsel to file an appearance by March 28, 2014. [Doc. # 190]. Meanwhile, briefing on Plaintiffs' Motion for Partial Summary Judgment was entered and continued until April 3, 2014. [Doc. # 190].

33. On March 28, 2014, the last day for Rowen's new counsel to file an appearance set by this Court's order [Doc. # 190], Stewart Kusper and Paul C. Mallon, Jr. filed their appearances on behalf of Defendants. [Doc. ## 191-2].

34. On April 18, 2014, Defendants requested additional time to file their responses to Plaintiffs' Motion for Partial Summary Judgment because Kaplan was asserting an attorney's

7

possessory lien over Defendants' files as Kaplan had not been paid his outstanding fees owed by Defendants. [Doc. # 202]. Additionally, Playroom failed to make the first scheduled required Loan payment due on April 1, 2014 thereby creating an undisputed monetary default under the Loan Agreement and Loan Documents. [Doc. ## 198, 199, 200].

35. On May 16, 2014, Defendants filed their response and supporting documents in opposition to Plaintiffs' Motion for Partial Summary Judgment. [Doc. ## 221-2].

## Sanctions Award

36. As set forth above, in the order entered on July 30, 2013, Judge Keys awarded to Plaintiffs their attorneys' fees and costs incurred in bringing their motion to compel Defendants to attend a FED. R. CIV. P. 30(b)(6) deposition, the costs incurred by Plaintiffs in deposing Rowen, and the cost that would be incurred in the re-deposition of Rowen. [Doc. #124]. Thus, Defendants have known since July 2013 that they would owe Plaintiffs their attorneys' fees and costs incurred in bringing their motions to compel and the cost incurred in connection with the deposition and re-deposition of Rowen.

37. On March 5, 2014, Judge Keys ordered that "[t]o the extent the defendant has not yet reimbursed the plaintiffs . . . the parties are directed to meet and confer, and within the next 30 days, concerning the exact amount of the reimbursement." [Doc. # 185].

38. In accordance with this Court's order, Robert P. Maher, Sr. met with Rowen in March 2014 to discuss the reimbursement of Plaintiffs' attorneys' fees and costs. At that time, the full amount of fees and expenses was discussed with Rowen.

39. During the parties' conversation, Rowen asserted that the Plaintiffs' attorneys fees and costs were outrageous and that he was unwilling to pay them despite the Court's orders.

40. At no time during the conversation between Mr. Maher and Rowen did Rowen express that he needed additional time to make the required payment or that he did not have funds available to make the required payment.

41. Defendants would not agree to reimburse the Plaintiffs for their attorneys' fees and costs in any amount, and therefore, Plaintiffs' filed an Amendment of Motion for Entry of Judgment on April 10, 2014 asking that the Court enter judgment against Defendants for failure to pay Plaintiffs' attorneys fees and costs. [Doc. # 194].

42. In this Court's order entered on May 12, 2014, this Court granted Plaintiffs' motion concerning fees and costs incurred in connection with the taking and re-taking of Defendants' 30(b)(6) deposition [Doc. # 194], and awarded to Plaintiffs their attorneys' fees and costs in the amount of $22,049.60. [Doc. # 215].

43. Specifically, the Court stated that it "will allow plaintiffs to recoup attorneys' fees in the amount of $19,627.50 and costs in the amount of $2,422.10, for a total of $22,049.60. This is the amount of the sanction to be paid to the plaintiffs in connection with the taking and re-taking of defendants' Rule 30(b)(6) deposition and the motions necessitated thereby." *Id.*

44. Plaintiffs received no payment from Defendants on the sum awarded by the Court nor did Defendants state when they would make payment. Therefore, Plaintiffs filed Plaintiffs' Motion to Set Time for Defendants to Comply with Court's Order Dated May 12, 2014. [Doc. # 227].

45. On May 21, 2014, the Court granted Plaintiffs' motion and ordered that Defendants were to comply with the Court's order dated May 12, 2014 by June 20, 2014. [Doc. # 233]. At the court hearing on May 12, 2014, Defendants gave no indication that there was any impediment to paying the sanctions' award on or before June 20, 2014.

46. At no time did Defendants contact Plaintiffs to express any inability to make payment or to negotiate an agreed variance to the Court ordered payment date.

47. Instead, on the deadline for Defendants to comply with this Court's May 21, 2014 order [Doc. # 233], Defendants filed their Motion to Modify Schedule for Compliance with Order Entered on May 21, 2014 seeking an additional 135 days (4-1/2 months) to pay the sanctions award originally granted to Plaintiffs' on July 30, 2013. [Doc. # 253].

## ARGUMENT

### A. Playroom and its President are in Contempt of Court.

As noted in the chronology laid out above Rowen, as CEO and President of Playroom, has known since March 2014 the relative amount of fees and expenses that Plaintiffs' were seeking to be awarded for Playroom's violation of discovery rules. When the matter was finally determined by the Court in its order entered of May 12, 2014 [Doc. # 215] Defendants knew the exact amount that would have to be paid. Although given more than 30 additional days in which to make the payment, Defendants have failed to satisfy their obligation. Instead, Playroom followed its customary pattern, waited until the last minute, then made a partial payment and filed a motion asking the Court to grant an additional 135 days, *i.e.*, 4-1/2 months to fulfill its obligation. [Doc. 253]. The Court should take note that at no time between May 12, 2014 (the date of entry of the order with the exact dollar obligation) and Friday, June 20, 2014 did Playroom intimate in any way that it could not or would not make the payment of the money in a timely fashion or otherwise needed additional time. The Motion of Modify is simply a further act by Playroom to extend this judicial proceeding and delay the determination of the issues put before the Court.

The willful or intentional refusal of a party to pay monetary sanctions within the time ordered by the Court is contumacious. *See French v. Norfolk Southern Railway Company*, 2010

10

WL 2425911 (N.D. Ill. June 10, 2010). Courts have recognized that if a party who has been ordered to pay a sanctions award seeks a modification of that order based on an inability to pay, the sanctioned party must demonstrate a true inability to pay. *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir.) cited with approval in *English v. Cowell*, 969 F.2d 465, 473 (7th Cir. 1992). In this case, neither Playroom nor Rowen, as the President and CEO of Playroom, has filed any paper with the Court providing evidence that Playroom is unable to make the required payment. Rather, the factual statements in filings made by Defendants suggest that Playroom is able to make the payment – that Playroom does have sufficient funds to make the required payment. It is just that Playroom would rather use the money for other purposes.[2] Motion to Modify [Doc. # 253, ¶ 4]. In both evidentiary hearings held in connection with Plaintiffs' Motions for the Appointment of a Receiver, Rowen testified that Playroom had adequate revenue and profits to pay all of the expenses that Playroom would incur in the operation of its business. At the time Rowen gave his testimony at the second evidentiary hearing on October 11, 2013, Judge Keys had already entered an order requiring Playroom to reimburse Plaintiffs for their attorneys' fees and expenses incurred in connection with the taking and re-taking of Rowen's deposition as Playroom's Rule 30(b)(6) Designee. [Doc. # 124].

B.  **Playroom Has Sufficient Funds to Pay the Sanctions Award.**

The record is clear that Playroom did not make its scheduled required Loan payment of approximately $23,000 on April 1, 2014. [*See* Doc. ## 198, 199, 200]. Additionally, Playroom has a scheduled required Loan due June 30, 2014 in the amount of approximately $23,000. Based upon Defendants most recent filings [Doc. # 265] it is clear that Playroom is not going to make the scheduled required Loan payment due on June 30, 2014. Therefore, Playroom should have in its bank account at least $46,000 being the total sum of scheduled required Loan

---

[2] If in fact Playroom does not have funds to pay the sanctions award, then the Court has further evidence that Playroom is insolvent and in breach of the Loan Agreement.

11

payments that Defendants did not and will not make. That sum is more than sufficient to pay the sanctions award in full and still leave more than $23,000 available for Playroom to fulfill other obligations and to order new materials.

C.     **Playroom's Motion to Modify is Devoid of Facts.**

No orders by retailers are attached to the motion. No orders for reprints of games are attached to the motion. The motion is absolutely devoid of any facts to support the generalizations submitted by Playroom in its motion. To obtain relief from the June 30, 2014 payment date, Playroom must show that it has no funds to meet its obligations and therefore admitting that it is insolvent. *See Moon*, 843 F.2d at 838.

In short, Defendants have failed to establish any basis as to why it did not timely pay the sanctions award in full. Therefore, Defendants' Motion to Modify should be denied.

D.     **This Court Should Enter Judgment for the Unpaid Amount of the Sanctions Award in Favor of Plaintiffs.**

This Court should accept Judge Keys' sanction orders and enter an order and judgment consistent with Fed. R. Civ. P. 54(b) with a finding that there is no just reason for delay. The Court should enter judgment in Plaintiffs' favor to bring an end to this satellite litigation. Defendants' Motion to Modify seeks to place this Court in the position of managing the business of Playroom. Playroom wants this Court to decide how it should use its available cash. Our legal system simply does not contemplate that level of involvement by our District Court and there is no legal basis for this Court to have to mire itself down in the operations of Playroom. If Playroom is unable to meet its obligations as they come due, this Court can appoint a Receiver or this Court can extricate itself from this situation by entering a judgment in the amount of the balance of the sanction awards being the sum of $16,499.60, and then staying the enforcement of that judgment for a period of ten days. At that point, if Playroom does not satisfy its obligations, the Plaintiffs will be entitled to use the various supplementary proceedings made available under

state and federal law to collect on the judgment amount. This procedure has the effect of freeing the Court from this ongoing litany of excuses and requests made by Playroom.

E. **This Court Should Grant to Plaintiffs a Further Award of Attorneys' Fees and Costs for the Necessity of Filing and Presenting this Pleading.**

As noted above, Defendants' Motion to Modify fails to demonstrate that Playroom is unable to pay the sanctions award as entered by the Court. Thus, Defendants' failure to make the required payment is contumacious and Plaintiffs are entitled to respond in opposition to the Motion to Modify, as well as seek compliance with the Court's earlier orders. It is within the contemplation of Fed. R. Civ. P. 37 that further award of attorneys' fees and costs should be granted to Plaintiffs in situations such as this where the improper actions of the other party have necessitated that Plaintiffs incur additional costs and expenses. In order to obviate the need for additional filings, Plaintiffs, by the undersigned attorney, represent to the Court that Plaintiffs have incurred at least six hours of associate time at the rate of $295 an hour for Mr. Zdarsky and five hours of time expended by Mr. Shifflett at the rate of $480 an hour for a total fee expenditure of at least $4,170 in attorneys' fees.

## CONCLUSION

Plaintiffs request that this Court enter a final judgment in their favor and against Defendant Playroom in the sum of $16,499.60 together with a finding that there is no just reason to delay. In the alternative, this Court should enter an order holding Daniel M.J. Rowen and Playroom in contempt of the Court for failure to pay the sanctions award in full on or before June 20, 2014, and permitting said Defendants to purge themselves from contempt by paying the balance of the sanctions award, to wit: $16,499.60, in full to the Plaintiffs within ten days of the Court's order. Plaintiffs also request that this Court enter an additional sanctions order against Defendants, jointly and severally, and in favor of Plaintiffs in the amount of $4,170 for

attorneys' fees and costs incurred in filing and presenting this pleading. Plaintiffs also request that this Court deny Defendants' Motion to Modify. Plaintiffs further request that this Court grant to them such other and further relief as this Court deems appropriate.

Dated: June 24, 2014

Respectfully submitted,

ROBERT P. MAHER and MARILYN V. MAHER, individuals

By: /s/ Leonard S. Shifflett
One of Their Attorneys

Leonard S. Shifflett (ARDC #2587432)
leonard.shifflett@quarles.com
Christopher J. Zdarsky (ARDC #6304382)
christopher.zdarsky@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000 – Telephone
(312) 715-5155 – Facsimile

QB\27987433.4