IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT P. MAHER and MARILYN V. MAHER, individuals, | ) ) ) Case No. 12-cv-07169 ) |
| Plaintiffs, | ) ) Honorable Marvin E. Aspen |
| v. | ) ) |
| THE ROWEN GROUP, INC., d/b/a PLAYROOM ENTERTAINMENT, a California corporation; and DANIEL M. J. ROWEN, an individual, | ) Magistrate Judge Geraldine Soat Brown ) ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AS TO DANIEL M.J. ROWEN

Plaintiffs, Robert P. Maher and Marilyn V. Maher, by their attorneys, Leonard S. Shifflett and Christopher J. Zdarsky, request that pursuant to FED. R. CIV. P. 54(b) that this Court enter a final judgment in favor of the Plaintiffs and against Defendant, Daniel M.J. Rowen, pursuant to Count II of Plaintiffs' Complaint and make an expressed determination that there is no just reason for delay and pursuant to FED. R. CIV. P. 58(a) set forth the judgment as a separate document. In support of their Motion, the Mahers state as follows:

1. This Court, in its Memorandum Opinion and Order ("Order") entered on January 22, 2015 [Doc. 299], granted summary judgment in favor of the Mahers and against Rowen with respect to Plaintiffs' Count II of the Complaint because Rowen had not paid the accelerated debt as required under his guaranty. [Order at 42].

2. In its Order, the Court determined that, among other things, Playroom had defaulted under Sections 8.3 and 8.7(g) of the Loan Agreement. The Court also found it

"undisputed that the Mahers sought accelerated payment, which neither Playroom, nor Rowen, have satisfied." [Order at 42].

3. In its discussion, the Court noted that ". . . an action to enforce a guaranty action is separate from any other action to collect on the related debt. [Citations omitted]." [Order at 42, f.n. 29].

4. The resolution of Count II of the Complaint constitutes an adjudication of the claim under the guaranty. The Court's ruling constitutes an adjudication of the guaranty claim to finality such that there is nothing more to do on that claim. Waiting for the conclusion of the remaining portions of the litigation will have no effect on the Court's determination of the guaranty claim. See *Curtis-Wright Corp. v. General Elect. Co.*, 446 U.S. 1, 7 (1980).

5. In making its determination that there is no just reason to delay entry of the final judgment against Rowen on the guaranty, the Mahers request that this Court set forth in its Order the reasons for the entry of such finding, including, but not limited to, the Court's determination that Playroom has committed the specified defaults under the Loan Documents, that payment of the Loan was properly accelerated, that neither Playroom nor Rowen has paid the accelerated indebtedness, and that Rowen's obligation to pay the indebtedness is separate from and not subject to any defense that Playroom may have regarding the alleged failure of the Plaintiffs to disburse the final $65,000.00 of Loan Funds.

6. Furthermore, none of the remaining claims are based on closely related facts to those determined by the Court in its Order with respect to Count II of the Complaint.

7. The total amount owed under the Promissory Note for principal and interest is $272,206.34 through January 31, 2015. This amount consists of principal in the amount of $265,693.24. Interest through January 31, 2014 in the amount of $535.00 [Doc. 180-1, p. 16],

and additional interest of $5,978.10 for one (1) year or through January 31, 2015. After January 31, 2015, interest continues to accrue at the rate of $16.38 per day. In addition to principal and interest, the judgment should include an award of litigation costs, expenses, reasonable attorneys' fees and court costs incurred by Plaintiffs all as provided for in the Unconditional Guaranty Agreement [Doc. 1, p. 57], in the Promissory Note [Doc. 1, p. 53], and in the Loan Agreement [Doc. 1, p. 30].

WHEREFORE, the Mahers request that this Court:

A.  Enter a final judgment in their favor and against Rowen in the sum of $272,206.34 (to be increased by $16.38 per day from February 1, 2015 until judgment is entered) plus an award of attorneys' fees, and litigation costs and expenses, and court costs;

B.  Make an express finding that there is no just reason to delay entry of final judgment against Rowen on Count II of the Complaint;

C.  Set forth in the said final judgment the reasons for entry of the finding of no just reason to delay;

D.  Set forth the final judgment in a separate document; and

E.  Award to the Mahers such other and further relief to which they may be entitled.

Dated: January 26, 2015

Respectfully submitted,

ROBERT P. MAHER
and MARILYN V. MAHER, individuals

By:  */s/ Leonard S. Shifflett*
     One of Their Attorneys

3

Leonard S. Shifflett, Esq. (ARDC #2587432)
leonard.shifflett@quarles.com
Christopher J. Zdarsky (ARDC #6304382)
christopher.zdarsky@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000 – Telephone
(312) 715-5155 – Facsimile